# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**WILLIAM HENRY STEPHENS, JR.,**

    **Plaintiff,**

v.                                                                              Civil Action No. 3:17-cv-00952

**RICHARD KERN,** *et al.***,**

    **Defendants.**

## O R D E R

On October 12, 2018 this Court issued a Show Cause Order to Plaintiff to respond in writing why this matter should not be dismissed for failure to prosecute. (ECF No. 46) On November 14, 2018, Plaintiff submitted his Response to the Court's Order.[1] (ECF No. 47) In his Response, Plaintiff has requested additional time in order to file a response to Defendants' pending Motion for Summary Judgment, asserting that he is an indigent incarcerated litigant and that during his transfer from one facility to another, he has been without his records and other paperwork that he intended to use in prosecution of this action. (Id.) Plaintiff also asserts that he had not been able to review his deposition transcript "to verify it or to attempt to challenge it if necessary." (Id. at 4)

---

[1] Plaintiff has also alleged for the first time since this action has been pending that "the incident which the Plaintiff has complained of has led to retaliatory action(s) being taken by the Defendants in violation of the Plaintiff's First Amendment Right to Redress, and as such, the Plaintiff must ask the Court to deny the Defendant's Motion for Summary Judgment and add another issue to the Complaint in Supplement thereof regarding the First Amendment violation." (ECF No. 47 at 2) Plaintiff further alleged that though his "original criminal case was [d]ismissed about two months before the process in this action was served on the Defendants and specific reason for the Defendants' retaliatory action was to discredit the Plaintiff in this civil action." (Id. at 3) In short, Plaintiff has made numerous references in his Response that he believes his criminal conviction that is currently on appeal to the Fourth Circuit (See, criminal action number 3:17-cr-00132) is the result of his having filed this lawsuit against Defendants. To that extent, Plaintiff is essentially alleging a new cause of action sounding in malicious prosecution where an amendment to the current cause of action would not satisfy the requirements of Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff should file a new cause of action to prosecute this new claim.

Because Defendants' ***Motion for Summary Judgment*** also relies in part on Plaintiff's responses during his deposition, taken on April 4, 2018, the Court **FINDS** that Plaintiff has demonstrated good cause that this matter should not be dismissed at this time, but that Plaintiff should be permitted additional time in order to obtain and submit the records and documents necessary in order to properly respond to Defendants' Motion. However, it is noted that pursuant to Rule 30(f)(3) of the Federal Rules of Civil Procedure that "[w]hen paid reasonable charges" a court reporter must furnish a copy of the transcript or recording to any party or the deponent. Because the Court is unaware of any local rule or other rule that permits it to order Defendants or the court reporter to provide Plaintiff with a copy of the deposition transcript, despite his status as a *pro se* indigent inmate, it is incumbent upon Plaintiff to make the necessary arrangements for a copy of the transcript.

As an additional matter, it is not lost on the undersigned that over ninety (90) days have passed since Plaintiff filed his motion to extend time to file his response, wherein he requested ninety days. (ECF No. 42) It is also noted that on August 14, 2018, the Court had ordered that all the documentation, including Defendants' pleadings and accompanying exhibits, including the salient portions of the deposition transcript contained in Exhibit I as well as the video recording contained in Exhibit K to be sent to Plaintiff at his current location, FCI Loretto in order to assist Plaintiff with his responsive pleading, however, Plaintiff continues to request more time to file a response.

Accordingly, Plaintiff shall have additional time in order to file his response to Defendants' ***Motion***, to be filed no later than **January 4, 2019**. Again, as provided numerous times in this matter, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff is

hereby notified that he has the right to file a response to the Defendants' ***Motion*** and submit Affidavit(s) or statements subject to the penalties of perjury, exhibits, and/or other legal or factual material supporting his positions and issues in the case as they are challenged by Defendants. Plaintiff is advised that actual statements in Affidavits or Declarations submitted by Defendants will be accepted as true unless Plaintiff sets forth facts in response indicating the existence of a genuine or actual dispute of fact for trial. In response to Defendants' ***Motion***, Plaintiff must set out either in his own Affidavit or sworn statement or the Affidavits or sworn statements of other witnesses, specific facts which show that Plaintiff and the Defendants actually disagree about one or more important and material fact or facts presented by this case. In the Affidavits and exhibits, Plaintiff should address, as clearly as possible, the issues and facts stated in the ***Motion*** and in the Affidavits submitted by Defendant.

It is hereby **ORDERED** that Plaintiff's response shall be filed with the Clerk of this Court on or before **January 4, 2019**. Plaintiff shall serve copies of his response in opposition to Defendants' ***Motion*** on counsel for the Defendants. Plaintiff is hereby warned that failure to respond will result in a recommendation for failure to prosecute.

Plaintiff is further warned that this is the **last and final time** the Court will give an extension of the deadline in this matter. If Plaintiff does not file a response to Defendants' ***Motion*** no later than **January 4, 2019**, the Court will submit a recommendation based on Defendants' ***Motion***.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record. To the extent that Plaintiff intends to file a new cause of action related to the underlying criminal conviction, the Clerk is requested to send a copy of a

3

form Complaint to Plaintiff.

ENTER: November 20, 2018.

Omar J. Aboulhosn
United States Magistrate Judge